IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENITH WARREN HARRELL,

    **Plaintiff,**

    v.                                                                CASE NO. 19-3215-SAC

STEPHEN P. JONES,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Labette County Jail in Oswego, Kansas. On December 4, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until January 6, 2020, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond to the MOSC by the Court's deadline.

Plaintiff alleges in his Complaint that on February 16, 2012, he accepted a plea bargain and was sentenced on April 2, 2012, to a prison term of 92 months with 24 months of post-release supervision. Plaintiff alleges that on June 4, 2015, Defendant Stephen Jones, the Labette County Deputy Attorney, went to court to have Plaintiff's sentence changed from 24 months of supervision to lifetime supervision. Plaintiff alleges that neither he nor his attorney were present in court, and he did not learn of the change until he received his parole papers on February 21, 2018. Plaintiff then requested copies of the records of the court proceedings and discovered that only the judge and Defendant Jones were present at the sentence modification hearing on June 4, 2015. Plaintiff names Labette County Deputy Attorney Stephen P. Jones as the sole defendant.

Plaintiff seeks to have his post-release supervision changed back to 24 months and to have Jones reprimanded.

The Court found in the MOSC that Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

The Court also found that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus and is not cognizable in a § 1983 action. Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated.

Plaintiff has failed to respond to the Court's MOSC by the Court's deadline. The MOSC provides that "[i]f Plaintiff fails to respond by the deadline, this matter may be dismissed without further notice for failure to state a claim." Plaintiff has failed to show good cause why his case should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 8, 2020, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**